**C. L. SCRIVNER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 28, 1969.

————◆————

H. Hunter Durham and Donald J. Horton, Horton & Durham, Lexington, for appellant.

John Breckinridge, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

C. L. Scrivner appeals from a judgment sentencing him to a term of two years in the penitentiary pursuant to a verdict convicting him of embezzling funds of Farmers No. 4, Inc., a tobacco warehouse, over the period from January 1, 1958, to January 1, 1967. Clyde Gravett was jointly indicted and tried, on the charge that the embezzled funds had been converted to his use, and he was given a one-year sentence. His separate appeal is disposed of in Gravett v. Commonwealth, Ky., 449 S.W.2d 416 (this day decided).

Scrivner's first two contentions are (1) that the trial court erred in overruling motions for a poll of the jurors as to whether they, in violation of the court's admonitions, had read newspaper accounts of the trial; and (2) that there was a failure of proof that Farmers No. 4 was a corporation during all of the period when the embezzlement was taking place. Gravett made the same two contentions on his appeal and what we said in our opinion on that appeal, rejecting the contentions, is dispositive here.

Scrivner argues, as a third claim of error, that there was a failure of proof that the embezzled funds belonged to Farmers No. 4. The argument is predicated on the fact that in numerous places in the testimony reference is made to "Farmers Tobacco Warehouse" or simply to "Farmers," and the secretary of Farmers No. 4 testified that Scrivner worked on some days "in other warehouses which we owned, but are part of the Farmers organization." It is contended that as far as the proof shows the money may have belonged to one of the other warehouses in a parent Farmers organization.

We find nothing in the record to show that there was a parent "Farmers" corporation separate and apart from Farmers No. 4, Inc. The reference to "other warehouses which we owned, but are a part of the Farmers organization," does not establish that there were any *corporations* other than Farmers No. 4, or that the latter was not the corporation that owned the warehouses other than the one in which Scrivner usually worked.

A statement by Scrivner, read in evidence, referred to the discrepancies in the bookkeeping of "Farmers Tobacco Warehouse Company No. 4," and later mentioned his drawing of the checks payable to Gravett on the "Farmers Tobacco Warehouse Company." Reasonably, this statement is to be interpreted as meaning the same company in both references. Further, the president of Farmers No. 4 testified concerning shortages in the accounts of "Farmers No. 4."

In context, the references in the testimony to "Farmers Tobacco Warehouse" or to "Farmers" plainly meant Farmers No. 4.

The judgment is affirmed.

HILL, C. J., and MILLIKEN, NEIKIRK, OSBORNE and STEINFELD, JJ., concur.

REED, J., not sitting.